ELIZABETH P. REES GOULD *vs.* ELEAET E. T. B. TRENBERTH,
*Ex'x et al.*

NOVEMBER 6, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is a bill in equity brought by the sister and sole heir at law of Jennie H. Taber, deceased, for the construction of the latter's will. In the superior court the respondent's demurrer to the bill was overruled and the case was heard on bill, answer and evidence. When it was ready for final decree, the justice certified the case to this court under general laws 1923, chapter 339, sec. 35, for determination of certain questions of law involving the construction of the will. It is before us at this time merely on the respondent's motion to dismiss the certification.

The bill contains six paragraphs, of which the first, second and third substantially allege facts relating to the death of Jennie H. Taber on February 26, 1935, the existence and probate of her last will dated July 13, 1932, and the appointment and qualification of the respondent, who is a sister-in-law of the testatrix, as the executrix of the latter's will. The fourth paragraph alleges facts apparently to permit introduction of evidence of statements and conduct which tended to contradict the construction of the will contended for by respondent. The fifth paragraph sets out facts to permit evidence of circumstances which might assist the court in construing the will in the event that the intent of the testatrix becomes unascertainable from the will itself. The sixth paragraph prays for a construction of the second paragraph of the will with particular reference to four certain questions of law therein set forth.

The second paragraph of the will, the last portion of which gives rise to the necessity for a construction of the will, reads as follows:

"SECOND: All the rest, residue and remainder of my estate of whatsoever name or nature, be the same real, personal or mixed or however otherwise described and wherever located to which I may be entitled either at law or in equity, I give, bequeath and devise to my sister-in-law, Eleaet E. Taber Beaman, with the understanding that if my sister, Elizabeth P. Rees Gould, shall survive me that my said sister-in-law shall care for my said sister as long as she shall live."

The respondent, in support of her motion to dismiss the certification, contends that the record does not state any specified question for determination by this court; that the bill is not brought solely for the construction of a will as required by general laws 1923, chapter 339; that the decree was premature; and that the record shows that this court is without jurisdiction to hear and determine the case.

In our opinion, however, none of these contentions can be sustained on the record before us. The respondent first

contends that the bill does not state any specific question for determination by this court. All of the questions set forth in the prayer may not be stated in the best possible form for certification under the statute, and it would be better practice, as urged by the respondent, to state such questions of law, as far as practicable, in a form that would submit to an affirmative or negative answer. Nevertheless, we think that at least two of them, namely, one and three, when considered together with the rest of the bill, reasonably suggest pertinent questions of law involving the construction of the second paragraph of the will of Jennie H. Taber.

A fair reading of the bill of complaint in our opinion justifies the conclusion that it is primarily a bill for the construction of a will. In all its paragraphs, with the possible exception of the fourth, the allegations of the bill deal with facts ordinarily necessary or proper to state a cause for the construction of this will. If the fourth paragraph may be considered as containing allegations in support of any relief other than the purported construction of the will, it is at most merely incidental or immaterial. The bill contains no specific prayer for the removal of a cloud on the title, as is apparently argued by the respondent. In *Horton* v. *Horton,* 46 R. I. 492, the bill of complaint, as here, contained proper allegations and a prayer for the construction of the will, but it also had a specific prayer for the removal of the cloud on the title which is not present in the bill in the instant case. In that case, notwithstanding such specific prayer for relief, the court, at page 495, said: "We think the bill is one primarily for the construction of a will and not to remove a cloud on a title and the order of certification shows that the Superior Court so regarded the cause." *A fortiori* where the bill, as here, contains no such specific prayer for other relief, the fourth paragraph may be considered surplusage. In this respect also it is distinguishable from the case of *Maddalena* v. *Masso,* 48 R. I. 92, submitted by the respondent, where the court held pro-

perly that the bill was primarily for specific performance and only incidentally for the construction of the will.

The respondent's third and fourth contentions, that the certification was premature and that this court is without jurisdiction to hear it, may be treated together. They involve the claims that a bill for the construction of a will may be certified by the superior court under chap. 339 only when all adverse parties have concurred upon the questions to be so certified; and secondly, that only an executor or trustee is a proper person to bring such a bill.

If either of these contentions be correct, the complainant here could never obtain a construction of this will, because the respondent is the executrix and has refused to bring such a bill or to voluntarily concur upon any questions thereunder to be certified for determination. If the statute had given the superior court jurisdiction to construe a will, there would be some force to these contentions, because the case could then proceed to a hearing on the merits, reserving to the parties the right to a review upon appeal from the entry of any final decree. But the statute gives no such jurisdiction to the superior court.

Ordinarily the executor or trustee is the complainant who brings a bill for the construction of a will and obtains a certification thereof, but nothing in the language of this chapter requires the interpretation that they are the *only* parties who may, in a proper case, bring such a bill in equity and have it certified to us for determination. Nor is any case cited by respondent under this statute to support this rather extreme construction.

In the instant case, all adversary interests and parties were before the court and were represented by counsel; the bill stated a case primarily for the construction of a will, setting forth the questions of law deemed to be pertinent, and it was so treated by the superior court. The respondent by her answer did not object to the form of the questions proposed by the bill for certification, but merely denied that the complainant had any legal or equitable interest in the

property passing under the will. Under all these circumstances, and in the absence of any statutory provision to the contrary, it seems reasonable to us to hold that the superior court had the right to certify the cause and that the bill is not prematurely or improperly before this court.

Counsel' for the respondent have cited several cases to support their conception of the intent and scope of chap. 339, sec. 35, *supra.* However, none of these cases came under this section as it now reads. They arose under chap. 18, sec. 323 of the court and practice act and mostly were certified under different provisions, such as special cases for an opinion, or questions of doubt and importance, or involved cases where the interests before the court were not adversary or where all adversary parties were not before the court. There is some general language in one of these cases which would seem, at first glance, to support in some degree the contention of the respondent that this court will entertain jurisdiction only in cases where all adversary parties concur in stipulating on the facts and questions of law to be certified. But we think a close examination of all the cases under chap. 18, C. P. A. will not justify the inflexible limitation which the respondent would place upon the superior court and upon this court in a case like this, brought under chap. 339, sec. 35, whose language and scope is somewhat different from that of chap. 18, sec. 323, *supra.*

The respondent relies strongly on certain language in the case of *Restino* v. *Tafuri,* 43 R. I. 156, to support her contention that the complainant here, as in that case, is really asking this court to determine issues of fact upon oral evidence without seeing witnesses or without having any findings of fact by the trial justice appear on the record, which is certified. That case, however, was not a bill for the construction of a will, but was certified under the second portion of the section as a question of doubt and importance.

Moreover, the respondent here mistakenly assumes that we are asked upon this proceeding to determine issues of fact as a court of original jurisdiction. All that the bill of

complaint seeks is a determination of the questions of law involving the construction of the will itself. The legal effect to be given to the language of paragraph two of the will, as it relates to the questions or some of them, is apparently determinable according to established rules of construction of wills and upon the undisputed evidence, wholly apart from any issue of fact based on the disputed evidence. The *Restino* case, therefore, is not authority, as urged by the respondent, to prevent our entertaining certified questions of law upon a bill primarily for the construction of a will.

In our opinion, none of the contentions of the respondent can be sustained and, therefore, her motion to dismiss the certification is denied.

*LeRoy G. Pilling,* for complainant.

*Grim & Littlefield,* for respondent.